```
1  Michael D. Thomas (SBN 226129)
   Jeffrey A. Brand (SBN 324327)
2  JACKSON LEWIS P.C.
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California  90017-5408
   (213) 689-0404 - Office
4  (213) 689-0430 – Fax
   Michael.Thomas@jacksonlewis,com
5  Jeffrey.Brand@jacksonlewis.com

6  Attorneys for Defendant
   ANHEUSER-BUSCH COMMERICAL STRATEGY, LLC
7
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO (BILL) GONZALEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ANHEUSER-BUSCH COMPANIES, a business entity, form unknown.; ANHEUSER-BUSCH COMPANIES, INC., a business entity, form unknown; ANHEUSER-BUSCH, INC., a business entity, form unknown; BUDWEISER, a business entity, form unknown; ANHEUSER-IN BEV, a business entity, form unknown, ANHEUSER-BUSCH COMMERCIAL STRATEGY, LLC, a business entity, form unknown. and DOES 2 through 100, Inclusive,<br><br>Defendants. | Case No.:  2:21-cv-08060 RSWL (MARx)<br><br>[Assigned for all purposes to:<br>Honorable Ronald S.W. Lew]<br><br>**DEFENDANT ANHEUSER-BUSCH COMMERICAL STRATEGY, LLC'S ANSWER TO PLAINTIFF GUILLERMO (BILL) GONZALEZ'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:  April 13, 2021 |

Defendant ANHEUSER-BUSCH COMMERICAL STRATEGY, LLC ("Defendant") hereby submits its Answer to Plaintiff GUILLERMO (BILL) GONZALEZ'S ("Plaintiff") Complaint for Damages ("Complaint") in the above-captioned matter.

/ / /

/ / /

## GENERAL ALLEGATIONS

1. Answering Paragraph 1 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff was at all material times mentioned in the Complaint an individual residing in the state of California, County of Ventura and, on that basis, denies the allegation set forth in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether Anheuser-Busch Companies was and is at all material times mentioned in the Complaint a business entity, form unknown, with its principal place of business in the state of California, County of Los Angeles, and, on that basis, denies the allegation set forth in Paragraph 2.

3. Answering Paragraph 3 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether Anheuser-Busch Companies, Inc. was and is at all material times mentioned in the Complaint a business entity, form unknown, with its principal place of business in the state of California, County of Los Angeles, and, on that basis, denies the allegation set forth in Paragraph 3.

4. Answering Paragraph 4 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether Anheuser-Busch, Inc. was and is at all material times mentioned in the Complaint a business entity, form unknown, with its principal place of business in the state of California, County of Los Angeles, and, on that basis, denies the allegation set forth in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether Budweiser was and is at all material times mentioned in the Complaint a business entity, form unknown, with its principal place of business in the state of California, County of Los Angeles, and, on that basis, denies the allegation set forth in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to whether Anheuser-In Bev was and is at all material times mentioned in the Complaint a business entity, form unknown, with its

Case No.: 2:21-cv-08060 RSWL (MARx)   2   DEFENDANT ANHEUSER-BUSCH COMMERICAL STRATEGY, LLC'S ANSWER TO PLAINTIFF COMPLAINT FOR DAMAGES

principal place of business in the state of California, County of Los Angeles, and, on that basis, denies the allegation set forth in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, the allegations in Paragraph 7 constitution legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, the allegations in Paragraph 8 constitution legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein.

9. Answering Paragraph 9 of the Complaint, the allegations in Paragraph 9 constitution legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10, and, on that basis, denies the allegation set forth in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11, and, on that basis, denies the allegation set forth in Paragraph 11.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12. Answering Paragraph 12 of the Complaint, Defendant denies all allegations.

13. Answering the first sentence of Paragraph 13 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 13, and, on that basis, denies the allegation set forth in the first sentence of Paragraph 13.  Answering the second sentence of Paragraph 13, Defendant denies that Plaintiff was hired on or about July 11, 1978, but admits that he was hired as a Bottler-Temp and forklift driver.

14. Answering Paragraph 14 of the Complaint, Defendant denies all allegations contained herein.

/ / /

15. Answering the first sentence of Paragraph 15 of the Complaint, Defendant denies all allegations. Answering the second sentence of Paragraph 15, Defendant lacks sufficient knowledge or information to form a belief as to the truth of whether Plaintiff "was able to worked through most of [his work related injuries] or missed very little time," and, on that basis, denies these allegations from the second sentence of Paragraph 15. In Answering the second sentence of Paragraph 15, Defendant admits that Plaintiff went on disability leave in 2014. Answering the third sentence of Paragraph 15, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations, and, on that basis, denies the allegations in the third sentence of Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Defendant denies all allegations.

17. Answering Paragraph 17 of the Complaint, Defendant denies all allegations.

18. Answering Paragraph 18 of the Complaint, Defendant denies all allegations.

## FIRST CAUSE OF ACTION

19. Answering Paragraph 19 of the Complaint, Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to Paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Answering Paragraph 20 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

///

24. Answering Paragraph 24 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

## SECOND CAUSE OF ACTION

25. Answering Paragraph 25 of the Complaint, Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to Paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. Answering Paragraph 26 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant admits that Plaintiff is over the age of 40 years old and denies all other allegations contained therein.

27. Answering Paragraph 27 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

28. Answering Paragraph 28 of the Complaint, Defendant denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations contained therein.

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

32. Answering Paragraph 32 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

///

///

33. Answering Paragraph 33 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

34. Answering Paragraph 34 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

## THIRD CAUSE OF ACTION

35. Answering Paragraph 35 of the Complaint, Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. Answering Paragraph 36 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

37. Answering Paragraph 37 of the Complaint, Defendant denies the allegations contained therein.

38. Answering Paragraph 38 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

39. Answering Paragraph 39 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

## FOURTH CAUSE OF ACTION

41. Answering Paragraph 41 of the Complaint, Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Answering Paragraph 42 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

45. Answering Paragraph 45 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, Defendant denies the allegations contained therein.

47. Answering Paragraph 47 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

## **FIFTH CAUSE OF ACTION**

49. Answering Paragraph 49 of the Complaint, Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to Paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. Answering Paragraph 50 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

51. Answering Paragraph 51 of the Complaint, Defendant denies the allegations contained therein.

52. Answering Paragraph 52 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

53. Answering Paragraph 53 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

55. Answering Paragraph 55 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

## SIXTH CAUSE OF ACTION

56. Answering Paragraph 56 of the Complaint, Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to Paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57. Answering Paragraph 57 of the Complaint, Defendant denies the allegations contained therein.

58. Answering Paragraph 58 of the Complaint, Defendant denies the allegations contained therein.

59. Answering Paragraph 59 of the Complaint, Defendant denies the allegations contained therein.

60. Answering Paragraph 60 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

61. Answering Paragraph 61 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

62. Answering Paragraph 62 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

## SEVENTH CAUSE OF ACTION

63. Answering Paragraph 63 of the Complaint, Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to Paragraphs 1 through 62 of the Complaint as though fully set forth herein.

64. Answering Paragraph 64 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

65. Answering Paragraph 65 of the Complaint, Defendant denies the allegations contained therein.

66. Answering Paragraph 66 of the Complaint, Defendant denies the allegations contained therein.

67. Answering Paragraph 67 of the Complaint, Defendant denies the allegations contained therein.

68. Answering Paragraph 68 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

69. Answering Paragraph 69 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

70. Answering Paragraph 70 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

71. Answering Paragraph 71 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

## EIGHTH CAUSE OF ACTION

72. Answering Paragraph 72 of the Complaint, Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to Paragraphs 1 through 71 of the Complaint as though fully set forth herein.

73. Answering Paragraph 73 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

74. Answering Paragraph 74 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

75. Answering Paragraph 75 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75, and, on that basis, denies the allegation set forth in Paragraph 75.

76. Answering Paragraph 76 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

77. Answering Paragraph 77 of the Complaint, of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

78. Answering Paragraph 78 of the Complaint, of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

79. Answering Paragraph 79 of the Complaint, of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

80. Answering Paragraph 80 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies all allegations contained therein.

Case No.: 2:21-cv-08060 RSWL (MARx)      10      DEFENDANT ANHEUSER-BUSCH COMMERICAL STRATEGY, LLC'S ANSWER TO PLAINTIFF COMPLAINT FOR DAMAGES

81. Answering Paragraph 81 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

82. Answering Paragraph 82 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

## NINTH CAUSE OF ACTION

83. Answering Paragraph 83 of the Complaint, Defendant incorporates by reference the admissions, denials, and averments set forth above in answer to Paragraphs 1 through 82 of the Complaint as though fully set forth herein.

84. Answering Paragraph 84 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

85. Answering Paragraph 85 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

86. Answering Paragraph 86 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

87. Answering Paragraph 87 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

88. Answering Paragraph 88 of the Complaint, this paragraph sets forth statements of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations contained therein.

///

///

///

## PRAYER FOR RELIEF

Defendant denies any and all allegations not unequivocally admitted herein, denies Plaintiff is entitled to any relief demanded in the Complaint, and denies that any relief whatsoever is warranted.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. In so doing, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Further, Defendant does not presently know all the factors concerning the conduct of Plaintiff to state all affirmative defenses at this time. Accordingly, Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

2. To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code Section 3200, et seq.

## THIRD AFFIRMATIVE DEFENSE
### (After Acquired Evidence)

3. To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

///

## FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

4. Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure Section 335.1 and 343, California Business and Professions Code section 17200 and California Government Code Sections 12940, 12960 and 12965.

## FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

5. Plaintiff's allegations of discrimination are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise. *State Dept. of Health Servs. v. Superior Court of Sacramento County (McGinnis)* (2000) 31 Cal.4th 1026.

## SIXTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

6. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory behavior.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Notice or Complaint Regarding Discrimination or Retaliation)

7. Plaintiff's claims for discrimination and retaliation are barred because Defendant did not receive notice from Plaintiff that any employee or managing agent of Defendant had allegedly engaged in any discriminatory or retaliatory actions against Plaintiff based upon their disability, and Plaintiff unreasonably failed to complain of any alleged unlawful conduct to take advantage of the preventative or corrective opportunities available and/or otherwise avoid harm.

///

///

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

8. Plaintiff consented (either expressly or implicitly) to any and all actions by Defendant, which are made the basis for Plaintiffs lawsuit, if any such actions are found to have taken place.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

9. The Defendant's conduct and actions were at all times undertaken in good faith, and without malice or ill-will toward Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

10. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory and/or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

11. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of waiver, estoppel and unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

12. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Contributory Fault)

13. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Perform Responsibilities)

14. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform their job responsibilities and otherwise conduct their-self in accordance with the standards and policies of Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (At-Will Employment)

15. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff was employed at will pursuant to California Labor Code Section 2922.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Anti-Discrimination Policies)

16. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant maintained policies prohibiting unlawful conduct and mandating a work environment free from discrimination and conducted training regarding such policies.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Use Preventative/Corrective Measures)

17. Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatorily harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Failure to Prevent Where No Discrimination Occurred)

18. Plaintiff's claim for failure to prevent discrimination and/or harassment is barred and/or any recovery of damages is precluded to the extent Plaintiff cannot establish underlying discrimination and/or harassment. *Trujillo v. N. County Transit Dist.* (1998) 63 Cal. App. 4th 280.

### NINETEENTH AFFIRMATIVE DEFENSE
### (No Nexus)

19. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because there is no nexus between any purportedly protected activity and any decision made by Defendant regarding Plaintiff's employment.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Not Severe and Pervasive)

20. Plaintiff cannot demonstrate severe and pervasive conduct that altered the conditions of their employment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Interactive Process)

21. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because any failure to engage in and/or the breakdown of the interactive process after it commenced was due to Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Disability)

22. To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein, alleges any discrimination or failure to accommodate an alleged disability, any recovery is barred in that Plaintiff was not a qualified individual with a disability in that she could not perform the essential functions of their position with or without reasonable accommodation.

///

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**
## **(Failure to Mitigate Damages)**

23. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate their alleged damages.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**
## **(Offset)**

24. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**
## **(Judicial Estoppel Doctrine)**

25. Plaintiff's Complaint and each alleged cause of action is barred in whole or in part because Plaintiff is estopped by her own conduct and/or judicially estopped to claim any right to damages or any relief against Defendant. *Kennedy v. Applause, Inc.* (9th Cir. 1996) 90 F3d 1477.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**
## **(Failure to Exhaust Administrative Remedies)**

26. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to timely exhaust administrative remedies under the California Government Code Section 12960 and 12965.

## **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
## **(No Proximate Cause)**

27. Any acts or omissions to act by Defendant were not the proximate cause of any damages suffered by Plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
## (No Punitive Damages)

28. Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code Section 3294.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
## (Attorneys' Fees and Costs)

29. Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code Section 12965 upon judgment in its favor.

## THIRTIETH AFFIRMATIVE DEFENSE
## (No Request for Accommodation)

30. Any recovery on Plaintiff's Complaint is barred because Plaintiff did not request reasonable accommodations for any purported disability.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
## (Essential Functions of Job)

31. Any recovery on Plaintiff's Complaint is barred because Plaintiff was unable to perform the essential functions of her job with or without an accommodation.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
## (No Notice)

32. Any recovery on Plaintiff's Complaint is barred because to the extent that Plaintiff was eligible to take a leave of absence pursuant to the California Family Rights Act ("CFRA"), Plaintiff failed to provide reasonable notice to Defendant of her need for leave and anticipated length of such leave.

/ / /

/ / /

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (No Health-Care Provider Certification)

33. Any recovery on Plaintiff's Complaint is barred because Plaintiff failed to provide Defendant with a health-care provider's certification regarding her alleged need for a FEHA and/or CFRA leave.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (All Compensation Properly Paid)

34. Plaintiff's Complaint, and each purported cause of action therein, are barred because Plaintiff has received all compensation and pay to which she has ever been entitled and are therefore not entitled to any other compensation or penalties under the California Labor Code, the applicable Wage Orders of the Industrial Welfare Commission, and/or any other law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Good Faith Belief That No Compensation Due)

35. Plaintiff's claim for waiting time penalties is barred in whole or in part because Defendant maintained a good faith belief at all times that no such compensation was ever due and owing to Plaintiff.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Arbitration)

36. This Court lacks jurisdiction over this Action and the Complaint, as well as each purported cause of action alleged therein, to the extent there is a valid, enforceable and mandatory arbitration agreement that governs the adjudication of Plaintiff's claims against Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice;

2. Deny each and every demand, claim and prayer for relief contained in the Complaint;

3. Award Defendant its reasonable attorneys' fees and costs in defending against this unmeritorious action; and

4. Grant such other and further relief as the court deems just and proper.

DATED: October 20, 2021           JACKSON LEWIS P.C.

By: */s/ Michael D. Thomas*
Michael D. Thomas
Jeffrey A. Brand

Attorneys for Defendant
Anheuser-Busch Commercial Strategy, LLC

4822-6054-7583, v. 1