**JS-6 'O'**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO BILL GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANHEUSER-BUSCH COMPANIES, et al.,<br><br>　　　　Defendant. | CV 21-08060-RSWL-MARx<br><br>**ORDER re: Defendant's Motion to Compel Arbitration** [17] |

　　　Plaintiff Guillermo Bill Gonzalez ("Plaintiff") brings this Action against Defendant Anheuser-Busch Commercial Strategy, LLC ("Defendant") alleging: 1) disability discrimination; 2) age discrimination; 3) failure to accommodate a disability; 4) failure to engage in the interactive process; 5) retaliation; 6) wrongful termination; 7) constructive discharge; 8) violation of the California Family Rights Act; and 9) failure to pay all wages due and owed at the time of termination.  Currently before the Court is Defendant's

1

Motion to Compel Arbitration ("Motion") [17].

Having reviewed all papers submitted pertaining to the Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

**A. Factual Background**

1. Plaintiff's Complaint

Plaintiff is an individual who resides in the State of California, County of Ventura. Compl. ¶ 1, ECF No. 1-2. Defendant is a large brewing company that operates in the United States. Id. ¶ 12.

On July 11, 1978, Defendant hired Plaintiff to work at one of Defendant's breweries. Id. ¶ 13. Plaintiff worked for Defendant for thirty-five years, eventually becoming a business manager at the brewery. Id. ¶ 14. In 2014, Plaintiff suffered multiple work-related injuries. Id. ¶ 15. Plaintiff stopped working and started to receive disability benefits. Id. Time passed, and Plaintiff recovered to a degree in which he could perform sedentary work. Id. ¶ 16. Plaintiff's supervisor refused to accommodate Plaintiff and requested that Plaintiff work in a position which required a "great deal of walking." Id. Due to the supervisor's demands, Plaintiff quit working for Defendant. Id. In 2019, as a condition of a worker's compensation settlement, Plaintiff agreed to never return to work for Defendant. Id. ¶¶ 17-18.

///

B.  **Procedural Background**

On April 13, 2021, Plaintiff filed his Complaint [1-2] in the Superior Court of the State of California, County of Los Angeles. On October 8, 2021, Defendant filed its Notice of Removal [1].

On December 6, 2022, Defendant filed the instant Motion to Compel Arbitration [17]. On January 17, 2023, Plaintiff opposed [21]. On January 24, 2023, Defendant replied [22].

## II.  DISCUSSION

A.  **Legal Standard**

"[T]he Federal Arbitration Act ("FAA") makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2).

Provided that a court is "satisfied that the making of the agreement for arbitration or that failure to comply therewith is not an issue," the court is required to direct the parties to proceed to arbitration. See 9 U.S.C. § 4; Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 68 (2010). When Congress enacted FAA section 2, it intended to declare a "national policy favoring arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10 (1984). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Ferguson v. Corinthian Colls., Inc.,

733 F.3d 928, 938 (9th Cir. 2013).

"Generally, a court's role under the FAA is limited to determining 'two gateway issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute.'" Manuwal v. BMW of N. Am., LLC, 484 F. Supp. 3d 862, 865 (C.D. Cal. 2020) (quoting Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015)).

**B.  Discussion**

In deciding a motion to compel arbitration under the FAA, a court's inquiry is limited "to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Revitch v. DIRECTV, LLC, 977 F.3d 713, 716 (9th Cir. 2020) (quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000)). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Id.

"Under California law, 'the party opposing arbitration bears the burden of proving any defense, such as unconscionability.'" Poublon v. C.H. Robinson Co., 846 F.3d 1251, 1260 (9th Cir. 2017) (quoting Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC, 55 Cal. 4th 223, 236 (2012)).

Here, Plaintiff argues that he is not bound by Defendant's DRP because Plaintiff never agreed to it.

4

1    Opp'n at 4:15-17.  Furthermore, Plaintiff contends that
2    even if he did accept the terms of Defendant's DRP, the
3    arbitration agreement is unconscionable and should not
4    be enforced.  See id. at 9:15-27.
5         1.   Evidentiary Objections
6         Plaintiff objects to excerpts of the Marjorie Yocum
7    Declaration.  See Pl.'s Evid. Objs., ECF No. 21-3.
8    Defendant objects to excerpts of the Guillermo Bill
9    Gonzalez and Marc Appell Declarations.  See Def.'s Evid.
10   Objs., ECF Nos. 23, 24.
11        "On a motion to compel arbitration, the court
12   applies a standard similar to the summary judgment
13   standard applied under Rule 56 of the Federal Rules of
14   Civil Procedure."  E.g., Alvarez v. T-Mobile USA, Inc.,
15   2011 U.S. Dist. LEXIS 146757, at *8 (E.D. Cal. Dec. 20,
16   2011).  Under Federal Rule of Civil Procedure 56, "[a]
17   party may object that the material cited to support or
18   dispute a fact cannot be presented in a form that would
19   be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).
20   Consequently, the focus of an objection on a motion to
21   compel arbitration is not "the admissibility of the
22   evidence's form" but on the "admissibility of its
23   contents."  See Fraser v. Goodale, 342 F.3d 1032, 1036
24   (9th Cir. 2003).  The Court has considered the
25   admissibility of the evidence and has not considered
26   facts that are irrelevant or that could not be in a form
27   that would be admissible at trial.  See Norse v. City of
28   Santa Cruz, 629 F.3d 966, 973 (9th Cir. 2010).

a. *Plaintiff's Objections*

Here, Plaintiff's objects to the Marjorie Yocum Declaration on the grounds that: (1) Ms. Yocum lacks personal knowledge; (2) her testimony is inadmissible hearsay; (3) she is not a qualified witness under Federal Rule of Evidence ("Rule") 803(6); and (4) her offered documentary evidence lacks foundation. See generally Pl.'s Evid. Objs.

Ms. Yocum administers Defendant's DRP as a "Benefits Manager," and is familiar with its history and how it currently applies. Decl. of Marjorie Yocum ¶¶ 2-6. Therefore, her statements are within the scope of her job responsibilities and are based on personal knowledge. See Abrahim v. Esis, Inc., No. C-07-04014 JCS, 2008 U.S. Dist. LEXIS 8909, at *6-7 (N.D. Cal. Jan. 25, 2008) (holding that an employee had personal knowledge of how a company administered its arbitration policy given the employee's title and job responsibilities).

Accordingly, to the extent that Ms. Yocum's testimony may constitute hearsay, it falls under the Rule 803(6) exception. Considering the Supplemental Declaration of Marjorie Yocum, the requirements of the business record exception are met.[1] See generally

---

[1] District courts may in their discretion consider a supplemental declaration or a supplemental piece of testimony attached to a reply brief "to the extent that it replies to arguments raised in the Opposition and does not raise new issues or introduce new information." Sweet v. Pfizer, 232 F.R.D. 360, 364 n.6 (C.D. Cal. 2005).

6

1  Suppl. Decl. of Marjorie Yocum, ECF No. 22-1; see Fed.
2  R. Evid. 803(6).  As to Plaintiff's specific objection
3  that Ms. Yocum is not a qualified witness, Ms. Yocum is
4  a qualified witness under Rule 803(6) because "[t]he
5  phrase 'other qualified witness' is broadly interpreted
6  to require only that the witness understand the record-
7  keeping system."  United States v. Ray, 930 F.2d 1368,
8  1370 (9th Cir. 1990).  Ms. Yocum has testified that she
9  understands Defendant's record keeping as it relates to
10 the DRP.  See generally Suppl. Decl. of Marjorie Yocum.
11      Plaintiff lastly objects to Ms. Yocum's documentary
12 evidence as lacking foundation.  "Rule 803(6)'s
13 foundation requirement 'may be satisfied by the
14 testimony of anyone who is familiar with the manner in
15 which the document was prepared, even if [s]he lacks
16 firsthand knowledge . . . and even if [s]he did not
17 [herself] either prepare the record or even observe its
18 preparation.'"  Lomeli v. Midland Funding, LLC, No. 19-
19 CV-01141-LHK, 2019 U.S. Dist. LEXIS 166151, at *16 (N.D.
20 Cal. Sep. 26, 2019) (quoting Miller v. Fairchild Indus.,
21 Inc., 885 F.2d 498, 514 (9th Cir. 1989)).
22      Here, as a qualified witness, Ms. Yocum understands
23 how the DRP is administered, and further understands the
24 DRP's mailing process.  See generally Suppl. Decl. of
25 Marjorie Yocum.  Simply because Ms. Yocum did not work
26 for Defendant in 2004 or mail the DRP herself to
27 Plaintiff, does not mean that Rule 803(6) is not
28 satisfied.  See United States v. Bland, 961 F.2d 123,

127 (9th Cir. 1992) ("The fact that [a declarant] did not complete [a form] himself, and his failure to identify either the specific person who completed [the form] or when that person completed it, do not keep [the form] from being a business record."). While Plaintiff has not demonstrated that Ms. Yocum's testimony lacks trustworthiness, Ms. Yocum has testified that credible business records exist that assert that the DRP was mailed to Plaintiff's address in 2004. See generally Suppl. Decl. of Marjorie Yocum; see generally Pl.'s Evid. Objs.

    Therefore, after reviewing Plaintiff's objections to the Marjorie Yocum Declaration, Plaintiff's objections are **OVERULLED**.

        b.  *Defendant's Objections*

    Given that the Court does not rely on the excerpts to which Defendant objects to in the Guillermo Bill Gonzalez and Marc Appell Declarations, the Court **DENIES as moot** Defendant's objections to those Declarations. See Muhammad v. Reese L. Grp., APC, No. 16cv2513-MMA (BGS), 2017 U.S. Dist. LEXIS 91792, at *5 (S.D. Cal. June 14, 2017) (denying evidentiary objections as moot in which the court "did not rely on the . . . declarations and exhibits in ruling on the . . . motion.").

    2.  A Valid Arbitration Agreement Exists

    General California principles of contract law determine whether parties have entered into a binding

agreement to arbitrate. See Chan v. Drexel Burnham Lambert, Inc., 178 Cal. App. 3d 632, 640 (1986). A party's acceptance of an agreement to arbitrate may be express or implied. See Gorlach v. Sports Club Co., 209 Cal. App. 4th 1497, 1507 (2012).

In California, an at-will employee accepts changed employment terms if the employee continues working after the employer gives notice of the changed terms. See Asmus v. Pac. Bell, 23 Cal. 4th 1, 11 (2000) ("California law permits employers to implement policies that may become unilateral implied-in-fact contracts when employees accept them by continuing their employment."); see also DiGiacinto v. Ameriko-Omserv Corp., 59 Cal. App. 4th 629, 632 (1997) (holding that an employee impliedly accepted reduced compensation by continuing to work after receiving a letter from the employer regarding the compensation change).

Here, Defendant argues the DRP is a binding agreement between the Parties to arbitrate because Plaintiff accepted the DRP's terms by continuing to be employed by Defendant and the DRP is not substantively and procedurally unconscionable. See generally Mot.

    a. *Plaintiff Agreed to Arbitrate His Employment Disputes with Defendant*

"Under both [California] and federal law, a properly mailed letter is presumed to have been received." Pollok v. Vanguard Grp., Inc., 774 F. App'x 407, 408 (9th Cir. 2019). "When there is evidence of

9

mailing, it can only be rebutted by actual evidence of non-receipt." Chavez v. Bank of Am., No. C 10-653 JCS, 2011 U.S. Dist. LEXIS 116630, at *19 (N.D. Cal. Oct. 7, 2011) (holding that a plaintiff's specific factual denial of receipt was insufficient to rebut the presumption of mailing).

Plaintiff began working for Defendant in 1978. Compl. ¶ 13. Defendant started its DRP in 1994. See Decl. of Marjorie Yocum ¶ 4. Defendant updated its DRP in 2004. Id. ¶ 5.

In 2004, Defendant sent a packet in the mail explaining the DRP updates to Plaintiff. Id. ¶ 6. The DRP packet explained what arbitration is and explained that Plaintiff was making a new binding agreement by continuing to be employed by Defendant. See Decl. of Marjorie Yocum, Ex. 1 at 2. The DRP packet explained to Plaintiff that by continuing to be employed by Defendant, Plaintiff agreed to submit all his "covered claims" to arbitration. Id. at 1.

In 2004, Defendant noted and recorded that it sent a DRP packet through the mail to Plaintiff's home address. See Decl. of Marjorie Yocum ¶ 7. In 2019, Plaintiff stopped working for Defendant. Compl. ¶¶ 17-18.

In his declaration attached to the Opposition, Plaintiff asserts that he has "never received, saw, or heard of the [DRP] letter . . . attached to Ms. Yocum's declaration prior to this [M]otion being filed." Decl.

of Guillermo Bill Gonzalez ¶ 6, ECF No. 22-1. Plaintiff further asserts that no one discussed Defendant's DRP with him and he never agreed to arbitrate his employment disputes. Id. ¶¶ 7-8. This alone is insufficient to show that Plaintiff did not receive the DRP packet. See Castro v. Macy's, Inc., No. C 16-5991 CRB, 2017 U.S. Dist. LEXIS 9925, at *9 (N.D. Cal. Jan. 24, 2017) (holding that an employee's "mere denial of receipt" of an arbitration agreement was insufficient to show that the agreement was not received in the mail).

Given that Plaintiff continued to be employed by Defendant after receiving the 2004 updated DRP packet, Plaintiff has accepted the DRP terms, and he has agreed to arbitrate his employment disputes with Defendant. See Cal. Labor & Workforce Dev. Agency v. Compucom Sys., No. 2:21-cv-02327-KJM-KJN, 2022 U.S. Dist. LEXIS 133411, at *6 (E.D. Cal. July 26, 2022) ("An employee consents even if he does not sign the arbitration agreement or otherwise affirmatively consent to the change.").

  b. *The DRP Is Not Unconscionable*

Plaintiff argues that the arbitration agreement encompassed in Defendant's DRP is unconscionable. Opp'n at 9:15-15:17. "Under California law both procedural and substantive unconscionability must 'be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability.'" Acevedo v. Russell Cellular, No. 1:20-cv-01440-, 2021 U.S. Dist. LEXIS 49300, at *23

11

(E.D. Cal. Mar. 16, 2021) (quoting Peng v. First Republic Bank, 219 Cal. App. 4th 1462, 1469 (2013)).

### i. *Procedural Unconscionability*

Plaintiff argues that the DRP is procedurally unconscionable because it was given to Plaintiff on a "take-it-or-leave-it" basis or it constituted an adhesion contract in which Plaintiff had little ability to bargain. Opp'n at 10:15-11:9. When assessing procedurally unconscionability, "[t]he court focuses on whether the contract was one of adhesion." Soltani v. W. & S. Life Ins. Co., 258 F.3d 1038, 1042 (9th Cir. 2001). "A contract of adhesion is defined as a standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms." Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1281 (9th Cir. 2006). Here, Defendant does not argue that the DRP is an adhesion contract. See Mot. at 19:9 ("[T]he DRP Policy Manual represents an adhesion contract[.]"). Therefore, there is at least some degree of procedural unconscionability in the DRP. See Molina v. Scandinavian Designs, Inc., No. 13-cv-04256 NC, 2014 U.S. Dist. LEXIS 55863, at *23 (N.D. Cal. Apr. 21, 2014) ("[B]ecause the [a]rbitration [a]greement is an adhesion contract offered to a person with little bargaining power on a take-it-or-leave-it basis, the [c]ourt finds that the [a]rbitration [a]greement contains a minimal degree of procedural unconscionability."); see also Davis v. Kozak, 53 Cal. App. 5th 897, 907 (2020)

12

("[A]dhesion establishes only a "low" degree of procedural unconscionability.")

     ii. *Substantive Unconscionability*

"The substantive element of the unconscionability analysis focuses on overly harsh or one-sided results." Baxter v. Genworth N. Am. Corp., 16 Cal. App. 5th 713, 724 (2017). When assessing substantive unconscionability, courts look to see whether the terms "are unreasonably favorable to the [more powerful] party." Sonic-Calabasas A, Inc. v. Moreno, 57 Cal. 4th 1109, 1145 (2013).

 Plaintiff argues that the DRP is substantively unconscionable because the DRP requires Plaintiff to first present his disputes to "Local Management Review," which will give Defendant a "sneak peak of his entire case." Opp'n at 11:24-12:9. However, the DRP similarly requires Defendant to disclose information to Plaintiff prior to arbitration. See Decl. of Marjorie Yocum, Ex. 1 at 3-5. Given the bilateral nature of the DRP's internal review mechanism, it is not one sided or substantively unconscionable. See Harper v. Charter Commc'ns., LLC, No. 2:19-cv-01749 WBS DMC, 2019 U.S. Dist. LEXIS 218440, at *13-14 (E.D. Cal. Dec. 18, 2019) (holding that since the requirements of an internal review term in an arbitration agreement applied equally to both the company and the employee, it was not one sided).

 Furthermore, Plaintiff argues that the DRP is

unconscionable because Plaintiff must proceed to mediation and pay $50. Opp'n at 12:10-15. However, Plaintiff will pay less proceeding through the DRP than if Plaintiff paid an initial filing fee to litigate his claims. See Colvin v. NASDAQ OMX Grp., Inc., No. 15-cv-02078-EMC, 2015 U.S. Dist. LEXIS 149932, at *26 (N.D. Cal. Nov. 4, 2015) (finding "no substantive unconscionability because there is no evidence that the [arbitration program] will require [the] [p]laintiff to pay more than the initial filing fee.").

Plaintiff also argues that the DRP is substantively unconscionable because it limits Plaintiff's ability to conduct discovery. Opp'n at 13:13-26. However, "[l]imited discovery rights are the hallmark of arbitration." Coast Plaza Doctors Hosp. v. Blue Cross of Cal., 83 Cal. App. 4th 677, 689 (2000). Furthermore, the DRP provides that the arbitrator can expand discovery if the requesting party provides a good justification to expand it. See Decl. of Marjorie Yocum, Ex. 1 at 13. Here, the DRP allows for two individual depositions and ten interrogatories. See id. These limitations do not make the DRP substantively unconscionable. See Abeyrama v. J.P. Morgan Chase Bank, No. CV12-00445 DMG (MRWx), 2012 U.S. Dist. LEXIS 87847, at *12 (C.D. Cal. June 22, 2012) ("While the arbitration agreement normally allows only two depositions, such limitations are generally legal if either party can ask the arbitrator to expand discovery for good cause.");

1  see also Maxson v. Beazer Homes Holdings Corp., No. SA
2  CV 17-0583-DOC (AFMx), 2017 U.S. Dist. LEXIS 225839, at
3  *13-14 (C.D. Cal. June 21, 2017) (holding that an
4  arbitration agreement which limited a party to ten
5  interrogatories was not substantively unconscionable
6  because the arbitrator was allowed to expand discovery
7  as appropriate).
8       Thus, Plaintiff has failed to establish that the
9  DRP is substantively unconscionable.  Therefore, even
10 though the DRP may be somewhat procedurally
11 unconscionable, it is not substantively unconscionable,
12 and Plaintiff has not met his burden of showing
13 unconscionability.  See Poublon v. C.H. Robinson Co.,
14 846 F.3d 1251, 1260 (9th Cir. 2017) ("[T]he party
15 opposing arbitration must demonstrate that the contract
16 as a whole or a specific clause in the contract is both
17 procedurally and substantively unconscionable.").
18      3.   The DRP Encompasses the Disputes at Issue
19      Plaintiff does not dispute that the DRP applies to
20 his employment related claims in this Action.  See
21 generally Opp'n.
22      Here, the DRP specifies that covered claims
23 include: "(1) involuntary terminations . . . when those
24 terminations are alleged to be discriminatory; (2)
25 [e]mployment discrimination and harassment claims based
26 on . . . disability; (3) retaliation claims; (4)
27 [c]laims relating to workplace accommodation due to
28 disabilities; [and] (5) [c]laims of violation of public

policy." Decl. of Marjorie Yocum, Ex. 1 at 5. Plaintiff asserts nine claims in his Complaint: (1) disability discrimination; (2) age discrimination; (3) failure to accommodate a disability; (4) failure to engage in the interactive process; (5) retaliation; (6) wrongful termination; (7) constructive discharge; (8) violation of the California Family Rights Act; and (9) failure to pay all wages due and owed at the time of termination. See generally Compl. In general, Plaintiff's claims are work-related disability, retaliation, and wrongful termination claims that clearly fall within the DRP's specified covered claims. Thus, the Court finds that the DRP encompasses all the claims at issue in this Action. See Mastrobuono v. Shearson Lehman Hutton, 514 U.S. 52, 62 (1995) ("[D]ue regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration."). Therefore, the Court **GRANTS** Defendant's Motion to Compel Arbitration.

   4. <u>Dismiss or Stay the Action</u>

  Having determined that the Parties' disputes are arbitrable, the Court next addresses whether to stay or dismiss this Action pending completion of the arbitration proceedings. Under the FAA, if the court is satisfied that a dispute is referable to arbitration, it "shall on application of one of the parties stay the trial of the action until such arbitration has been had

16

1 | in accordance with the terms of the agreement."
2 | 9 U.S.C. § 3.  The Ninth Circuit has held that,
3 | "notwithstanding the language of § 3, a district court
4 | may either stay the action or dismiss it outright when,
5 | as here, the court determines that all of the claims
6 | raised in the action are subject to arbitration."
7 | Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072,
8 | 1074 (9th Cir. 2014).  All of Plaintiff's claims are
9 | subject to arbitration.  Plaintiff did not argue for a
10 | stay in the event the Court compelled arbitration of all
11 | claims.  See generally Opp'n.  Defendant argued the
12 | Court should either dismiss or stay the Action pending
13 | arbitration.  See Mot. at 22:17-28.  Here, given that
14 | all the claims in this Action are subject to
15 | arbitration, the Court in its discretion **DISMISSES** the
16 | Action **without prejudice.**
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Compel Arbitration and **ORDERS** the Parties to arbitrate their disputes in accordance with the terms of the DRP. This Action is **DISMISSED without prejudice**. The Clerk of the Court shall close this Action.

**IT IS SO ORDERED.**

DATED: April 18, 2023        /s/Ronald S.W. Lew
                             **HONORABLE RONALD S.W. LEW**
                             Senior U.S. District Judge